869 F.2d 593
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary L. HANNAN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-3108.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 2, 1988.
Decided: Feb. 9, 1989.
 
 Frederick G. Barkus, Bickley, Jacobs & Barkus, Roger D. Forman, Forman, Kanner & Crane, on brief, for appellant.
 Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Patricia A. Heenan, Assistant Regional Counsel (Department of Health and Human Services, on brief), Michael W. Carey, United States Attorney, Gary E. Pullin, Assistant United States Attorney, for appellee.
 Before HARRISON L. WINTER, Chief Judge, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Claimant was denied social security disability benefits on the ground that she was able to perform her past relevant work. This was the conclusion of the ALJ whose recommended decision became that of the Secretary. The district court, rejecting the recommendation of the magistrate, ruled that there was substantial evidence to support this finding.
 
 
 2
 Claimant appeals. At the request of the parties, we decide the case without oral argument. We reverse the judgment of the district court and direct that it return the case to the Secretary for a determination of whether the claimant can engage in any other substantial gainful activity considering her residual functional capacity, age, education and past work experience.
 
 I.
 
 3
 Claimant, who was 49 years old when she first sought disability benefits, worked as a "cashier" in a hospital cafeteria. She has suffered from degenerative joint disease, disc disease, lumbo-sacral strain and pain resulting from those conditions.
 
 
 4
 After a tortuous procedural history, claimant was ultimately denied benefits by the Secretary. Her claim was decided according to the sequential process set forth in 20 C.F.R. Sec. 404.1520 under which a finding adverse to a claimant at one of the successive steps results in a denial of her claim without consideration of the remaining criteria. Specifically the Secretary found:
 
 
 5
 1. The claimant met the disability insured status requirements of the Act on November 10, 1981, the date the claimant stated she became unable to work, and continues to meet them through the date of this decision.
 
 
 6
 2. The claimant has not engaged in substantial gainful activity since November 10, 1981.
 
 
 7
 3. The medical evidence establishes that the claimant has degenerative osteoarthritis of the lumbosacral spine at L5-S1, chronic strain of the cervical spine, and dysthymic disorder, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 8
 4. The claimant's subjective complaints, including pain, are supported by objective clinical findings and found credible to the degree that moderate and heavy lifting and carrying would be contraindicated.
 
 
 9
 5. The claimant has the residual functional capacity to perform work-related activities except for work involving lifting and carrying more than 20 pounds and prolonged standing and walking (20 CFR 404.1545).
 
 
 10
 6. The claimant's past relevant work as a dietary cashier did not require the performance of work-related activities precluded by the above limitation(s) 20 CFR 404.1565).
 
 
 11
 7. The claimant's impairments do not prevent the claimant from performing her past relevant work.
 
 
 12
 8. The claimant was not under a 'disability' as defined in the Social Security Act, at any time through the date of the decision (20 CFR 404.1520(e)).
 
 
 13
 We think that findings 6 and 7 are lacking in substantial evidentiary support. While claimant did perform duties as a cashier at the hospital cafeteria, there is undisputed evidence that her duties extended beyond those normally attached to that position. Her testimony was that she was assigned to the cash register from 10:30 a.m. until 1:00 p.m. and from 4:30 p.m. until 6:00 p.m. At the cash register, she had the use of a stool. From 1:30 p.m. until 4:30 p.m., however, her duties were to clean tables and chair legs, sweep the entire cafeteria and clean the front of the counter. She was required to move the tables, turn them upside down, to stack the chairs, and to mop the floor in front of the steam table. In addition, after the cafeteria was carpeted, she was required to vacuum it with a heavy duty vacuum cleaner.
 
 
 14
 Thus we think it a misnomer to describe claimant's past relevant work as merely that of a cashier or a dietary cashier. She did perform a cashier's work for 4 hours of her working day, but she performed a cleaner's work for 3 hours of her working day. The cleaner's work involved heavy lifting and substantial physical activity.
 
 
 15
 From the Secretary's findings of claimant's residual functional capacity, we think it manifest that claimant cannot perform the duties of a "cashier" as those duties were prescribed by her employer. It follows that there is not substantial evidence to support the finding that claimant can perform her past relevant work. It is therefore incumbent on the Secretary to proceed to the next sequential step in the adjudicative process and consider claimant's "residual functional capacity and [her] age, education, and past work experience to see if [she] can do other work." 20 C.F.R. Sec. 404.1520(f).
 
 II.
 
 16
 We reverse the judgment of the district court and remand the case with instructions to return it to the Secretary for further proceedings in accordance with what is said herein.
 
 
 17
 REVERSED AND REMANDED.